# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON ORLANDO CORTEZ MOLINA,<br><br>(A-No. 216-336-021)<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No. 1:26-cv-04108-JLT-CDB<br><br>ORDER GRANTING IN PART THE PETITION FOR HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING[1]<br><br>(Docs. 1, 7.) |

## I.    INTRODUCTION

Before the Court for decision is Nelson Orlando Cortez Molina's request for a temporary restraining order (Doc. 7), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Respondents filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 11.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 11 at 1.) Because the Court orders Respondents to provide Petitioner with a bond hearing and grants the underlying petition in part, the motion for temporary restraining order (Doc. 7) is **MOOT**.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of El Salvador who first entered the United States on or about March 27, 2005, and was not encountered by federal immigration officials. (Doc. 1 at 6, ¶¶ 17-18.) On May 9, 2017, Petitioner applied for a U-nonimmigrant visa as a victim of a qualifying crime after he was assaulted and cooperated with law enforcement. (*Id*. at 6-7, ¶¶ 20 – 22.) The petition remains pending. (*Id*.)

In 2020, Petitioner was arrested by the Fremont Police Department and ultimately pleaded no contest to two counts of Cal. Penal Code § 288(c)(1) (Lewd or Lascivious Acts with a Child 14 or 15 Years of Age and Offender 10 or More Years Older than Victim) on March 21, 2025.[2] (Id. at 7, ¶ 23.) He was sentenced to two years, 8 months in state confinement, restitution fines, and ordered to register as a sex offender. (*Id*.) On June 26, 2025, a criminal court found that Petitioner's pre-sentencing custody satisfied his sentence; Petitioner had been physically released from custody since July 6, 2024. (*Id*.) Petitioner alleges that he has been fully compliant with the requirements imposed by the County of Alameda Superior Court of California. (*Id*.)

On or about May 20, 2026, Petitioner was detained by ICE and placed in removal proceedings.[3] (Doc. 1 at 7, ¶ 25.) He is currently detained at the Golden State Annex Detention

---

[2] On December 16, 2025, United States Citizenship and Immigration Services sent Petitioner a Request for Evidence to provide additional information on this conviction for his I-192 Application for Advance Permission to Enter as Nonimmigrant, a critical piece of his U visa petition, to which Petitioner sent a response on March 9, 2026. (Doc. 1 at 7, ¶ 24.)

[3] Petitioner was placed in removal proceedings on May 20, 2026, and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States who has not been admitted or paroled. (Doc. 1 at 9, ¶ 33.) He was scheduled for a Master Calendar Hearing before Immigration Judge William David Neumeister on May 28, 2026, where he was denied a bond hearing under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id*.) His next hearing with the immigration judge has been scheduled for June 24, 2026. (*Id*.)

Facility in McFarland, California.

On May 28, 2026, Petitioner, through counsel, filed a petition for a writ of habeas corpus, arguing that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment.[4] (Doc. 1 at 16 – 20.) Respondents filed an opposition to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 11.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-

---

[4] Petitioner also argues that his warrantless arrest without probable cause of a flight risk violates his rights under 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c)(2)(ii), and the Fourth Amendment of the U.S. Constitution. (Doc. 1 at 9 – 16.) Furthermore, The Court need not address such claims for purposes of this motion, as Petitioner is entitled to habeas relief based on his due process argument.

detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination. Thus, for the reasons set forth, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[5]

---

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent

4

6.      The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.